[Civ. No. 322.   Third Appellate District.—April 23, 1907.]

DAVID PRINE, Respondent, v. MARGARET A. DUNCAN, Appellant.

APPEAL—DISMISSAL—FAILURE TO FILE TRANSCRIPT IN TIME.—An appeal from a judgment must be dismissed for a failure to file the transcript on appeal within forty days after the appeal is perfected if no proceeding is pending for the settlement of a bill of exceptions or statement to be used on the appeal.

ID.—DISMISSAL OF PENDING PROCEEDINGS—LAPSE OF TIME.—Where all pending proceedings to settle a statement on motion for a new trial and all proceedings on the motion were dismissed, and more than forty days thereafter had elapsed without filing a transcript on appeal from the judgment, and no appeal from the order was taken within the time prescribed by law, and there is no answer to the motion to dismiss the appeal from the judgment, it must be dismissed.

MOTION to dismiss an appeal from a judgment of the Superior Court of Colusa County.   W. M. Finch, Judge.

The facts are stated in the opinion of the court.

C. F. Purkitt, and C. L. Donohoe, for Appellant.

Thomas Rutledge, for Respondent.

CHIPMAN, P. J.—Motion to dismiss the appeal from the judgment.

It appears that final judgment was entered in this case on January 15, 1906; on July 13, 1906, the defendant served no-

tice of appeal and on July 14, 1906, filed herein an undertaking on appeal; no bill of exceptions, or statement, or statement on ·appeal has been settled or filed; on November 17, 1906, the trial court made and entered its order dismissing all proceedings by defendant for the purpose of settling her statement on motion for a new trial; notice of appeal from said last-named order was not filed herein until January 17, 1907; appellant has not requested the clerk of the court to certify to a correct transcript of the record in said cause. The papers on the motion to dismiss the appeal were filed in this court February 8, 1907, prior to which time service of notice was duly made upon appellant.

The ground of the motion is "that appellant has not filed in this Court a transcript of the record in said cause or any transcript, and that on the 17th day of November, 1906, the said Superior Court of the County of Colusa in said cause entered its order dismissing all proceedings then pending for the settlement of the statement on said motion for a new trial, and all proceedings for a new trial of said cause instituted by said appellant, and that no appeal has been taken by said appellant from said last-mentioned order within the time allowed by law." Appellant makes no answer to said motion and has failed to appear.

Rule II of this court [144 Cal. x] requires that the transcript in a civil action be filed within forty days after the appeal is perfected; provided that there be then pending no proceeding for the settlement of a bill of exceptions or a statement which may be urged in support of such appeal. Here, whatever of such proceedings as had been pending were dismissed November 17, 1906, and were no longer pending. Rule V [144 Cal. xli] provides that if the transcript or the record be not filed within the time prescribed, the appeal may be dismissed on motion, upon notice given. If, however, the transcript, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion.

There being no answer to the motion in any form, and the facts above set forth being uncontroverted, the appeal from the judgment must be dismissed, and it is so ordered.

Burnett, J., and Hart, J., concurred.