## PRINE v. DUNCAN.

### Court of Appeal, Third District; April 23, 1907.

#### 90 Pac. 713.

**Appeal—Time for—Order Denying New Trial.**—Under the direct provisions of Code of Civil Procedure, section 939, subdivision 3, an appeal from an order dismissing proceedings for the settlement of a statement to be used on motion for new trial and all proceedings for a new trial may only be taken within sixty days after the order is entered.

APPEAL from Superior Court, Colusa County; W. M. Finch, Judge.

Action by David Prine against Margaret A. Duncan. Judgment for plaintiff, and from an order denying a new trial, defendant appeals. Motion to dismiss the appeal. Dismissed.

C. F. Purkitt and C. L. Donohoe for appellant; Thos. Rutledge for respondent.

CHIPMAN, P. J.—Motion to dismiss the appeal from the order denying motion for a new trial. This is the same case as No. 322, 5 Cal. App. 433, 90 Pac. 712.

It appeared that on November 17, 1906, the trial court made an order denying defendant's motion to be relieved from her default in the matter of presenting her statement on motion for a new trial and the proposed amendments of plaintiff thereto within the time required by law; and the court further ordered, on the motion of plaintiff, that all proceedings for the settlement of the defendant on motion for a new trial be dismissed. On January 17, 1907, defendant filed her notice of appeal from said order of November 17, 1906, and on the same day filed her undertaking on said appeal. No bill of exceptions or statement on appeal from said order has been settled or filed, and defendant has not requested the clerk to certify a correct transcript in said cause.

The ground of the motion is that the appeal was not taken, and the notice of the appeal was not filed with the clerk, within the time allowed by law. Appellant makes no an-

swer to the motion and has failed to appear. The appeal was taken on the sixty-first day after the day on which the order was entered, and was not taken in time: Code Civ. Proc., sec. 939, subd. 3.

The appeal is dismissed.

We concur: Burnett, J.; Hart, J.